JjJOHN D. SAUNDERS, J.
This appeal arises out of the Municipal Civil Service Board for the City of Opelou-sas’ ruling to reverse the abolition of a classified civil service position by the Board of Aldermen for the City of Opelou-sas. For the following reasons, we affirm.
FACTUAL AND PROCEDURAL BACKGROUND
Linda Walker was employed by the City of Opelousas, with permanent status, in the civil service classification of executive secretary. On July 2, 2001, the mayor for the City of Opelousas, John A. Vallien, informed Barbara Thomas, Civil Service Director, of his intent to transfer Ms. Walker to the Recreation and Cultural Department effective immediately. Because Ms. Walker did not consent to the transfer and the position with the Recreation and Cultural Department was not a classified position, Ms. Thomas informed the mayor that she disapproved the transfer.
Despite the disapproval of the civil service director, on July 23, 2001, Mayor Val-lien informed Ms. Walker that he was abolishing the position of executive secretary and that she had twenty-four hours to give her assent to a transfer to the Recreation and Cultural Department. Mayor Vallien further informed Ms. Walker that, if she did not assent to the transfer, the abolition of the executive secretary position carried with it the termination of employment. On July 25, 2001, the mayor officially abolished the position of executive secretary. That same day, Ms. Walker accepted, under protest, the position in the Recreation and Cultural Department, reserving all rights afforded by law. On August 13, 2001, the board of aldermen ratified, approved, and adopted the may- or’s actions. By memo dated August 13, 2001, the mayor advised Ms. Walker that, because civil service has not certified her new position, she was holding this new position illegally. Thus, the mayor in-formedJ^Ms. Walker that he was terminating her employment.
Ms. Walker appealed her transfer and termination to the Municipal Civil Service Board. A board hearing on this matter was held on August 28, 2001. The board ruled that the actions taken by the mayor and the board of aldermen were in violation of the civil service rules and regulations. As a result, the civil service board reversed the actions of the mayor and ordered the reinstatement of Ms. Walker to the position of executive secretary, retroactive to July 2, 2001. Additionally, the board ordered the City of Opelousas to pay attorney’s fees in the amount of $1,000.00 or $2,500.00 in the event of an appeal by the city.
From this ruling, the City of Opelousas appeals and asserts the following assignments of error:
*1260 (1) The board erred in ruling that the city lacked the lawful authority to abolish the position of executive secretary to the mayor.
(2) The board erred in awarding attorney’s fees in the amount of $1,000.00.
(3) The board exceeded its lawful authority and usurped the jurisdiction of this court in awarding prospective attorney’s fees in the amount of $2,500.00 in the event of an appeal by the city.
LAW AND ANALYSIS
Assignment of Error Number 1
The City of Opelousas is a mayor-board of aldermen form of government, commonly referred to as a Lawrason Act municipality, and is subject to the requirements of La.R.S. 33:321, et seq. Appellants argue that the exclusive authority to employ personnel for the City of Opelousas is vested in the board of aldermen by virtue of La.R.S. 33:362(A)(3). This statute provides, 11 [sjubject to law, including hit.S'. 33:l/.23.2 and, J/,23.3, and applicable civil service rules and regulations, the board of aldermen shall, by ordinance, provide policies and procedures regulating the employment of municipal employees including the hiring and firing of such employees.” La. R.S. 33:362(A)(3) (emphasis added).
A review of this statute indicates that the power given to the board of aldermen to regulate the employment of municipal employees is limited by the applicable civil service rules and regulations. Furthermore, although the Appellant cites La. R.S. 33:362(C) for the authority to abolish any department of a municipality other than the police with an elected Chief of Police, this provision is not applicable to the case at hand. According to the civil service rules for the City of Opelousas, the term “department” is defined as “any legally constituted agency, board or commission designated by the Appointing Authority,” and the term “position” is defined as “any office and any employment in the City Service.” Because the actions taken by the mayor pertained to the abolishment of the position of executive secretary and not a department, we find this statute inapplicable.
Furthermore, the mayor’s actions were not within his authority. The Appellant cites La.R.S. 33:404 as giving the mayor authority to abolish the position of executive secretary and terminate Ms. Walker’s employment. We acknowledge that this statute does give the mayor authority to remove and appoint municipal employees; however, as stated in La.R.S. 33:404A(3), this authority is “[sjubject to applicable state, law, ordinances, and civil service rules and regulations .... ”
Ms. Walker contends that the only lawful way to abolish a position within the classified service is to proceed in accordance with the civil service rules and regulations for the city of Opelousas. We agree.
14Rule III, Section 1 of the Opelou-sas civil service board rules and regulations deals with the abolition of a position. This rule provides that the director may revise or abolish an existing classification “subject to ratification of the Board.” While the mayor does have some discretion is assigning duties to the executive secretary, under Rule III, Section 1, the mayor may not abolish the position without gaining the approval of the civil service board. Mayor Vallien failed to do this. Accordingly, we find no error in the board’s finding that the actions taken by *1261 the mayor and the City of Opelousas in abolishing the position of executive secretary were in violation of the civil service rules and regulations.
Assignments of Error numbers 2 & 3
Appellant asserts that the civil service board erred in awarding attorney’s fees in the amount of $1,000.00 and that the board exceeded it authority in awarding prospective attorney’s fees in the amount of $2,500.00. Without considering the merits, we find these assignments of error abandoned. Rule 2-12.4 of the Uniform Rules, Courts of Appeal provides that “[a]U specifications or assignments of error must be briefed. The court may consider as abandoned any specification or assignment of error which has not been briefed.” Although the Appellant asserts that the board erred in awarding attorney’s fees, it failed to brief these issues. Accordingly, we will treat these assignments of error as abandoned.
DECREE
For the foregoing reasons, the finding by the Opelousas Board of Civil Service that the Mayor and the City of Opelousas failed to follow civil service rules and regulations in abolishing the position of executive secretary is affirmed. All costs of this appeal are assigned to the Appellants.
AFFIRMED.